IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-001075-BNB

TYRON DUANTE SMALL,

      Plaintiff,

v.

JEFF HUDDLESTON, Detective,
MARC CHACON, Detective,
DANIEL THOMPSON, Officer, and
MELISSA BURCHELL, Deputy District Attorney,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Tyron Duante Small, a prisoner in the custody of the Colorado

Department of Corrections, is incarcerated at the Colorado State Penitentiary in Cañón

City, Colorado.  Mr. Small initiated this action on April 22, 2013, by filing a Prisoner

Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C.

§ 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Small is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has

reviewed the complaint and has determined that it is deficient.  For the reasons

discussed below, Mr. Small will be ordered to file an amended complaint.

Mr. Small alleges in the Complaint that he was prosecuted for sexual assault and acquitted by a jury.  He maintains that the "detectives and the prosecutors engaged in an "unreasonable and arbitrary investigation leading to his arrest" and "knowingly destroyed exculpatory evidence proving that he did not commit these crimes against th[e] alleged sexual assault victim."  (Doc. # 1, at 6).  He further alleges that witness statements during the investigation did not corroborate the accusations made by the victim.  Mr. Small asserts constitutional claims of malicious prosecution and abuse of process against the individual Defendants in their personal capacities.  He also asserts a claim of municipal liability against the Defendants in their official capacities.  Mr. Small seeks monetary relief.

The Prisoner Complaint is deficient because a local government entity such as the City of Colorado Springs is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.[1]  ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under § 1983 must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989); ***Myers v. Oklahoma County Bd. of County Comm'rs***, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr. Small cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  ***See Monell***, 436 U.S. at

---

[1]A claim against the individual Defendants in their official capacities is construed as a claim against the City of Colorado Springs.  ***See Hafer v. Melo,*** 502 U.S. 21, 25 (1991).

694.

Furthermore, to the extent Mr. Small claims that Defendant Burchell, the deputy

district attorney, initiated a baseless state criminal prosecution against him, the claim is

barred by the doctrine of absolute prosecutorial immunity.  State prosecutors are entitled

to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial

duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v.*

*Economou*, 438 U.S. 478, 504 (1978).   Initiating and pursuing a criminal prosecution

are acts are "'intimately associated with the judicial process'"  *Snell v. Tunnell*, 920 F.2d

673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). However, absolute immunity

does not extend to a prosecutor's actions which may be classified as administrative or

investigative.  *Imbler*, 424 U.S. at 430-31; *Buckley v. Fitzsimmons*, 509 U.S. 259,

274–276 (1993) (no absolute immunity when prosecutor acts in administrative capacity);

*Burns v. Reed*, 500 U.S. 478, 492–495 (1991) (absolute immunity does not attach when

a prosecutor offers legal advice to the police regarding interrogation practices).

Finally, Plaintiff must allege facts that arguably satisfy the elements of the

common law claims of malicious prosecution and abuse of process to pursue relief

against the individual Defendants under 42 U.S.C. § 1983. *See Pierce v. Gilchrist*, 359

F.3d 1279, 1285–86 (10th Cir. 2004); *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257

(10th Cir. 2007); *Hall v. Hupp*, No. 12-3211, 2013 WL 1501968 at **2-3 (10th Cir. April

15, 2013) (unpublished); *Spaulsbury v. Sisson*, Nos. 06-1193 and 06-1319, 250 F.

App'x 238, 246-47 (10th Cir. Sept. 11, 2007) (unpublished).  Accordingly, it is

ORDERED that Plaintiff, Tyron Duante Small, file **within thirty (30) days from**

**the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Small shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of the claims in this action without further notice for the reasons discussed above.  It is

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge