IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01075-REB-CBS

TYRON DUANTE SMALL,
       Plaintiff,
v.

DISTRICT ATTORNEY MELISSA YOUNG,
DETECTIVE JEFF HUDDLESTON,
DETECTIVE MARC CHACON, and
OFFICER DANIEL THOMPSON,
       Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

       This civil action comes before the court on: (1) "Defendants' Motion to Dismiss (Pro Se

Prisoner) Amended Complaint" filed by Defendants Huddleston, Chacon, and Thompson on July

2, 2013 (Doc. # 25); and (2) Defendant Young's Motion to Dismiss the Amended Complaint,

filed on July 2, 2013 (Doc. # 26).  Pursuant to the Order Referring Case dated May 31, 2013

(Doc. # 12) and the memorandum dated July 3, 2013 (Doc. # 27), these matters were referred

to the Magistrate Judge.  The court has reviewed the Motions, the pleadings, the entire case file,

and the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Proceeding *pro se* and *in forma pauperis*, Mr. Small filed his original Prisoner Complaint

on April 22, 2013.  (*See* Doc. # 1).  At the direction of the court, Mr. Small filed his Amended

Complaint ("AC") on May 28, 2013.  (*See* Doc. # 9).  Mr. Small alleges two claims pursuant to

42 U.S.C. § 1983 for malicious prosecution and abuse of process in violation of the Fourth

Amendment to the U.S. Constitution.  He alleges that he was prosecuted for sexual assault and

1

was acquitted by a jury.[1]  He alleges that "the Defendants destroyed evidence that would have had the charges dropped against the plaintiff" and engaged in an "unreasonable and arbitrary investigation leading to my arrest."  (*See* Doc. # 9 at 4, 5 of 6).  Mr. Small seeks monetary damages.  (*See id.* at 4, 6 of 6).

II.     Standard of Review

Defendants move to dismiss the AC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

Fed. R. Civ. P. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

On July 3, 2013, the court directed Mr. Small to file any response he had to the Motions to Dismiss on or before August 5, 2013.  (*See* Minute Order (Doc. # 28)).  At the Preliminary

---

[1]     Mr. Small is currently incarcerated based on a conviction unrelated to the criminal prosecution that he challenges in this action.

Scheduling Conference held on August 12, 2013 at which Mr. Small appeared via telephone, the court noted that he had not yet filed a response.  The court then allowed Mr. Small until September 13, 2013 to file a response to the Motions to Dismiss.  (*See* Courtroom Minutes/Minute Order (Doc. # 33)).  To date, Mr. Small has not filed any response to the Motions.

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted).  "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted).  "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

Because Mr. Small appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "the generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation omitted).  Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action." *Id.* (internal quotation marks and citations omitted).  Thus, the court "may not rewrite a [complaint] to include claims that were never presented." *Id.*  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged.  *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

Mr. Small brings his claims pursuant to 42 U.S.C. § 1983.  (*See* Doc. # 9 at 3 of 6). Section 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970).  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  "In order to successfully state a cause of action under section 1983, [Plaintiff] must allege . . . the deprivation of a federal right and that the alleged action was taken under color of state law." *Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (internal quotation marks and citation omitted).

A.    Statute of Limitations

Defendants argue that Mr. Small's claims are barred by the statute of limitations.  To determine the timeliness of a claim under § 1983, federal courts must look to the applicable state statute of limitations.  *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions.") (citation omitted).  Colorado law provides a two-year statute

4

of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g), (l) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotation marks and citation omitted). Mr. Small's § 1983 malicious prosecution accrued on the date of his acquittal on March 12, 2010. *See Small v. Huddleston*, No-12-1360, 511 F. App'x 765, 768 n. 10 (10th Cir. Feb. 20, 2013) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) (§ 1983 malicious prosecution claim does not accrue until the termination of criminal proceedings in favor of the plaintiff); Doc. # 9 at 4 of 6 ("My malicious prosecution claim arose in my favor March 12, 2010.")).

As to Mr. Small's abuse of process claim, "[t]he essential element of an abuse of process claim is the use of a legal proceeding in an improper manner; therefore, an improper use of the process must be established." *Sterenbuch v. Goss*, 266 P.3d 428, 438-39 (Colo. App. 2011) (citations omitted). Termination of criminal proceedings in favor of the plaintiff is not required for an abuse of process claim to accrue. A claim of abuse of process accrues when plaintiff learns that a criminal proceeding was filed against him. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (retaliatory prosecution claim did not require favorable termination of the underlying action and accrued when plaintiff learned that amended criminal complaint was filed

against him).  *But see Cartwright v. Colorado Bank of Walsh, Inc.*, 658 F. Supp. 240, 246 (D. Colo. 1987) (if a cause of action from tort injury accrued at all, it would have been from the conclusion of the proceedings), *superseded by statute on other grounds as stated in Full Draw Productions v. Easton Sports, Inc.*, 85 F. Supp. 2d 1001, 1008 (D. Colo. 2000).

Mr. Small filed this action on April 22, 2013, more than two years after the termination of criminal proceedings in his favor.  (*See* Doc. # 1).  Whether his abuse of process claim accrued when he learned that a criminal proceeding was filed against him or when the proceeding concluded in his favor, Mr. Small's own allegations indicate that he filed this action more than three years after his claims accrued.

The statute of limitation defense for a section 1983 claim is an affirmative defense subject to certain defenses such as waiver, estoppel, or equitable tolling.  *Margheim v. Buck,* No. 12-cv-1520-WJM-BNB, 2013 WL 4079174, at * 11 n. 6 (D. Colo. Aug. 12, 2013).  "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."  *Aldrich v. McColloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (citations omitted).  "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled."  *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992).  *See also Escobar v. Reid*, 668 F. Supp. 2d 1260, 1287 (D. Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date.").

State law governs any tolling of the limitations period.  *Mondragon*, 519 F.3d at 1082.

Mr. Small alleges in the initial Complaint, but not in the AC, that he was under a mental disability caused by medication and that "[t]he statu[t]e of limitations doesn't start to run until the plaintiff disabling circumstances is ended [sic], which in this case is the day the medication impa[i]ring my mental ability has ended which in this case is 4 or 5 months upon entering DOC after June 10, 2010."[2]  By statute, Colorado tolls the limitations period for a "person under disability," which includes a person who is mentally incompetent. *Neiberger v. Hawkins*, 208 F.R.D. 301, 311 (D. Colo. 2002).  *See also* Colo. Rev. Stat. § 13–81–101(3) (defining "person under disability" to include a person who is mentally incompetent or under other legal disability), § 13–81–103©) (allowing person under disability to take action within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period expires later).

Even if the court accepts Mr. Small's allegation that he was under "disabling circumstances" as true, by his own allegations the disabling condition ended 4 or 5 months after June 10, 2010, in  October or November 2010.  (*See* Doc. # 1 at 7 of 11).  Mr. Small filed this action on April 22, 2013.  Even accounting for the period of disability alleged by Mr. Small, his own allegations indicate that he filed this action more than two years and five months after his alleged disabling condition ended.  Mr. Small's claims are properly dismissed as barred by the

---

[2]      An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotation marks and citation omitted);  *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204-05 (7th Cir.1998) (in deciding to dismiss amended complaint, court could not rely on factual allegations made in original complaint but not repeated or incorporated into amended one);  *Hibernia Nat'l Bank v. Carner,* 997 F.2d 94, 101-02 (5th Cir.1993) (defendant could not defeat summary judgment motion by relying on allegation made in original complaint but changed in amended complaint);  *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted); *Davenport v. Saint Mary Hospital*, 633 F. Supp. 1228, 1239 (E.D. Pa. 1986) (court declined to address issue plaintiff did not allege in amended complaint that superseded original complaint).

statute of limitations.

To the extent that Mr. Small is suing Defendants in their official capacities based on municipal liability, his claim is similarly time barred.  "[A] judgment against a public servant in his official capacity imposes liability on the entity he represents . . . ." *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (internal quotation marks and citation omitted).  *See also Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) ("[a]n action against a person in his official capacity is, in reality, an action against the government entity for whom the person works.").  Mr. Small's claims against Defendants in their official capacities are properly construed as claims against their employers, Colorado's Fourth Judicial District Attorney's Office (Defendant Young) and the City of Colorado Springs (Defendants Huddleston, Chacon, and Thompson).

Municipalities and other local government entities such as counties "can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694-95, 698) (1978), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom.  *See Monell*, 436 U.S. at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").  An unconstitutional deprivation is caused by a municipal "policy" if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself.  *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997).  *See also Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("For a county to be held responsible, it must have caused the harm through the execution of its own policy or custom by those whose edicts

8

or acts may fairly be said to represent official policy.") (citing *Monell*, 436 U.S. at 694).

The only acts that Mr. Small alleges give rise to municipal liability are those on which he bases his malicious prosecution and abuse of process claims. He has not alleged any separate incident of a constitutional violation that would support a claim for municipal liability. Thus, the latest possible point in time that Mr. Small's claim for municipal liability could have accrued was the same time that his claims for malicious prosecution and abuse of process accrued. His claim for municipal liability is properly dismissed as barred by the statute of limitations.

B.    Other Legal Arguments

As Mr. Small's claims are barred by the statute of limitations, the court need not at this time reach the additional grounds for dismissing the AC, that is, *res judicata*, Eleventh Amendment immunity, lack of personal participation by Defendants Chacon and Thompson, absolute immunity of Defendant Young, and failure to state a claim to which relief can be granted for malicious prosecution, abuse of process, or municipal liability.

Accordingly, IT IS RECOMMENDED that "Defendants' Motion to Dismiss (Pro Se Prisoner) Amended Complaint" filed by Defendants Huddleston, Chacon, and Thompson on July 2, 2013 (Doc. # 25) and Defendant Young's Motion to Dismiss the Amended Complaint, filed on July 2, 2013 (Doc. # 26) be GRANTED and that this civil action be dismissed for failure to state a claim to which relief can be granted, as it is barred by the statute of limitations.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 10th day of October, 2013.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge

10